IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INKIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRSLATE, INC., <br><br> Defendant. | Civil Action No. 23-00793-RGA |

MEMORANDUM ORDER

Before me is Defendant airSlate's "motion for judgment on the pleadings and motion to remand."[1] (D.I. 95). I have considered the parties' briefing. (D.I. 96, 103, 113). For the reasons set forth below, airSlate's motion for judgment on the pleadings is DENIED. airSlate's motion to remand is DISMISSED as moot.

I. BACKGROUND

Plaintiff filed the instant suit on July 21, 2023. (D.I. 1). Plaintiff alleges five counts, a Lanham Act claim, three state law claims that are similar to various provisions of the Lanham Act, and a breach of contract claim. (D.I. 2 at 13–16). Previously, on March 2, 2023, Plaintiff sued Defendant for improper use of Plaintiff's trademarks in advertisements. (D.I. 103-1 at 5–8); *see* Complaint, *Inkit, Inc. v. airSlate, Inc.*, No. 23-cv-00232 (D. Del. Mar. 2, 2023), D.I. 1. That lawsuit had six counts—two Lanham Act claims and four similar state law claims. (D.I. 103-1 at 9–13). The parties quickly settled the earlier case. In the settlement agreement, Plaintiff agreed

---

[1] Defendant forthrightly concedes that the motion to remand was sought because it "mistakenly believed this case had been removed from state court[.]" (D.I. 113 at 6). Instead, it now moves for dismissal due to lack of subject matter jurisdiction if the Lanham Act claim is dismissed. (*Id.* at 1, 6); *see* 28 U.S.C. § 1331; 28 U.S.C. § 1338. That motion too is DENIED.

1

to a release of its "claims, demands, actions, and causes of action set forth in the Lawsuit, from the beginning of time through [May 1, 2023.]" (D.I. 3 at 3 of 6, § 3). Plaintiff dismissed its suit with prejudice pursuant to the agreement. (D.I. 103 at 4 (citing *Inkit*, No. 23-cv-00232 (D. Del. May 1, 2023), D.I 5)). Plaintiff brought the instant suit based on Defendant's continued display of Plaintiff's trademark on Defendant's webpages. (D.I. 2 at 4–11). One of these purportedly infringing webpages is pictured in the complaints in both cases; they appear to be identical. (*Id.* at 5; D.I. 103-1 at 8).

Defendant moves for judgment on the pleadings based on claim preclusion (sometimes referred to as "res judicata") grounds. (D.I. 96 at 1).

## II.    LEGAL STANDARD

### A. 12(c) Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The court "may not grant the motion unless the [defendant] clearly establishes that no material issue of fact remains to be resolved and that [the defendant] is entitled to judgment as a matter of law." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d. Cir. 2019) (internal citation omitted). "A motion for judgment on the pleadings under Rule 12(c) 'is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Id.* (quoting *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 259 n.25 (3d Cir. 2010) (reviewing a district court's grant of a 12(c) motion on claim preclusion grounds). A court must accept the factual allegations in the complaint and view "the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Wolfington*, 935 F.3d at 195; *see Erickson v. Pardus*,

551 U.S. 89, 93–94 (2007); *McMullen v. Maple Shade Twp.*, 643 F.3d 96, 98 (3d Cir. 2011). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must "draw on its judicial experience and common sense" to make the determination whether a plaintiff fails to state a claim upon which relief can be granted. *Id.*

In deciding a Rule 12(c) motion, "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Wolfington*, 935 F.3d at 195 (citation omitted). A court may consider extraneous documents if the documents are "integral to or explicitly relied upon in the complaint." *In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d. Cir. 1997) (internal citation omitted).

### B. Claim Preclusion

"[F]ederal claim preclusion requires '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *In re Healthcare Real Est. Partners, LLC*, 941 F.3d 64, 72 (3d Cir. 2019) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).[2]

> "[C]laim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"

---

[2] Elements (1) and (2) are satisfied. *See Inkit*, No. 23-cv-00232 (D. Del. May 1, 2023) (same parties); *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 611 (3d Cir. 2020) ("A dismissal with prejudice 'operates as an adjudication on the merits[.]'").

3

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

"Suits involve the same claim (or 'cause of action') when they arise from the same transaction or involve a common nucleus of operative facts." *Id.* at 412 (cleaned up). Even if the plaintiff asserts a different theory of recovery in the second suit, claim preclusion will still apply "when the events underlying the two suits are essentially the same." *Beasley v. Howard*, 14 F.4th 226, 232 (3d Cir. 2021). However, "[i]f the second lawsuit involves a new claim or cause of action, the parties may raise assertions or defenses that were omitted from the first lawsuit even though they were equally relevant to the first cause of action." *Lucky Brand Dungarees*, 590 U.S. at 412 (alteration in original) (citation omitted). "[R]es judicata does not bar claims that are predicated on events that postdate the filing of the initial complaint[.]" *Morgan v. Covington Twp.*, 648 F.3d 172, 178 (3d Cir. 2011).

## III.   DISCUSSION

Defendant's briefing does not acknowledge that Plaintiff could not possibly have brought its breach of contract claim in the first case. The breach of contract claim is based on the final act of that case—the settlement. Thus, what is really in dispute are the Lanham Act claim and the three state law claims not based on breach of contract.

Plaintiff points out that, per the settlement agreement, Defendant "agreed to refrain from 'us[ing] or publicly display[ing] or caus[ing] others to use or publicly display [Inkit's trademark], in any form or manner, including without limitation in airSlate's web-based or other advertising[.]" (D.I. 103 at 3; *see* D.I. 3 at 2 of 6, § 2(a)). The settlement agreement also states, "[T]he Released Claims do not include . . . any infringement of [Inkit's trademark] by airSlate after the Effective Date [i.e., May 1, 2023]." (D.I. 103 at 3; D.I. 3 at 3 of 6, § 3). Plaintiff

4

argues, "The events underlying the causes of action" in the instant case, "including airSlate's public display of the infringing webpages" in July 2023, all occurred after the date Plaintiff filed its first lawsuit. (D.I. 103 at 1).[3] Plaintiff argues, "[B]ecause airSlate continued to publish the infringing webpages after March 2, 2023 and Inkit relies on this post-March 2, 2023 conduct to support its causes of action here, claim preclusion does not bar the Second Lawsuit." (*Id.* at 6).

Defendant argues that Plaintiff could have raised these claims in the first lawsuit "because the webpages at issue were in existence" as of the filing of the complaint. (D.I. 113 at 2). Defendant also states that Plaintiff "was aware of those webpages" when it filed the complaint. (*Id.* at 5). Defendant argues that, because Plaintiff failed to raise this theory of infringement earlier, it "cannot now bring that theory of recovery herein under the guise of 'continuing' infringement." (*Id.*).

I agree with Plaintiff that the cause of action here is based on acts that occurred after the filing of the first complaint (and after the end date for the release of claims). Defendant's purported infringement involves the display of Plaintiff's mark in an advertisement on Defendant's webpage. The webpages may have existed prior to the filing of the first complaint, but the continued display is an act that occurred after and is central to the cause of action. Thus, the complaint raises "claims that are predicated on events that postdate the filing of the initial complaint[.]" *Morgan*, 648 F.3d at 178. The claims are not barred by claim preclusion.

Defendant cites various cases in opposition. (D.I. 96 at 15–17; D.I. 113 at 2, 4). I am not persuaded that the cases cited by Defendant support a contrary result. Defendant cites *Neutral Posture, Inc. v. MillerKnoll, Inc.*, 2023 WL 3075934 (E.D. Pa. Apr. 25, 2023). While the case

---

[3] The complaint's description of the infringement uses the present tense. (D.I. 2 ¶¶ 20–26). Thus, it alleges infringement on the day it was filed, that is, July 21, 2023.

5

involved continuing trademark infringement, it was decided under Pennsylvania's formulation of res judicata, not the federal one. *Id.* at *3. Defendant cites *In re Dex Media, Inc.*, 595 B.R. 19(D. Del. 2018). That case, which involved copyright infringement, turned on a failure to assume a license, which occurred before the filing of either lawsuit, not the timing of the copyright infringement itself. *Id.* at 34.

The principle of not applying claim preclusion to conduct post-dating the original complaint "takes on particular force in the trademark context, where the enforceability of a mark and likelihood of confusion between marks often turns on extrinsic facts that change over time." *Lucky Brand Dungarees*, 590 U.S. at 415. Plaintiff's cause of action relies on allegedly infringing conduct post-dating the settlement agreement. I find that claim preclusion does not bar Plaintiff's claims based on the webpages at issue.

## IV.   CONCLUSION

For the reasons discussed above, I **DENY** Defendant's motions for judgment on the pleadings and to dismiss. (D.I. 95; D.I. 113). The motion for remand (*id.*) is **DISMISSED** as moot.

IT IS SO ORDERED.

Entered this 20th day of December, 2024

_____
United States District Judge