# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INKIT, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 1:23-cv-00793-RGA |
| | : |
| AIRSLATE, INC., | : |
| | : |
| Defendant. | : |

## DEFENDANT AIRSLATE, INC.'S
## MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

DATED this 19th day of February 2025.

| OF COUNSEL: | |
|---|---|
| | ___/s/ M. Claire McCudden___ |
| Gregor Hensrude (admitted *pro hac vice*) | M. Claire McCudden (DE Bar No. 5036) |
| Petra N. Ambrose (admitted *pro hac vice*) | **MARSHALL DENNEHEY, PC** |
| **KLINEDINST PC** | 1007 N. Orange Street, Suite 600 |
| 1200 Fifth Avenue, Suite 1750 | Wilmington, DE 19899 – 8888 |
| Seattle, WA 98101 | Tel: 302.552.4354 F: 302.552.4340 |
| Tel: (206) 672-4400 | MCMcCudden@MDWCG.com |
| ghensrude@klinedinstlaw.com | |
| pambrose@klinedinstlaw.com | |
| | *Attorneys for Defendant airSlate, Inc.* |

## NATURE AND STAGE OF PROCEEDINGS

Defendant airSlate, Inc. ("Defendant" or "airSlate"), by and through its counsel of record, hereby respectfully submits this Motion to Strike Plaintiff's Jury Demand, or in the alternative, its Motion to Bifurcate the trial to a liability phase on Plaintiff's claims, and then a bench trial on Plaintiff's damages and airSlate's equitable counterclaims. Trial is scheduled for March 31, 2025. Defendant also hereby voluntarily waives its jury demand filed in conjunction with its Counterclaims, all of which are, in any event, equitable in nature.

## SUMMARY OF THE ARGUMENT

In determining whether a party is entitled to a jury trial, a court must first look to whether the claims are legal or equitable in nature. In the case at bar, the vast majority of Plaintiff's claims are equitable in nature. Even if one or more of Plaintiff's claims are legal in nature, the remedies sought are equitable in nature. Here, Plaintiff is seeking injunctive relief and, while Plaintiff's complaint originally prayed for damages and/or disgorgement of airSlate's profits, it has since withdrawn its request for damages and is solely seeking disgorgement. Accordingly, the only remedies sought, injunctive relief and profit disgorgement, are equitable in nature for which a right to a jury trial does not attach. The jury demand should thus be stricken, and this case should proceed as a bench trial.

In the event the court determines that somehow there is a remaining claim that requires jury, airSlate moves for bifurcation of the trial into two phases: the first, liability, is to be tried before a jury. Should liability not be found, the second phase of the trial would be unnecessary. If liability is found, the second phase would consist of a bench trial to determination disgorgement and/or injunctive relief, and if necessary, Inkit's equitable counterclaims and equitable affirmative defenses. Bifurcation would result in conservation of judicial resources by potentially foregoing

the need for a second damages phase and determination of equitable issues. Bifurcation would ensure a jury could focus on complex liability issues in the five claims at issue, which include complicated Lanham Act issues, which would result in a more fair trial.

## STATEMENT OF FACTS

Plaintiff Inkit, Inc. ("Inkit") sets forth the following claims against Defendant airSlate, Inc:

(1) Lanham Act--False Designations of Origin, and False and Misleading Descriptions, pursuant to 15 U.S.C. § 1125(a);

(2) Unfair Competition under Delaware law;

(3) Delaware Deceptive Trade Practices Act ("DTPA") under *6 Del. C. §2532*;

(4) Breach of Contract: for alleged breach of the settlement and release agreement; and

(5) Injury to Business Reputation; Dilution: Delaware Trademark Act (*6 Del. C. §3313*). *See generally*, Compl. D.I. 2.

The Complaint also seeks injunctive relief and various forms of damages. Compl., D.I. 2, Prayer for Relief, at 16-19. Plaintiff Inkit's damages expert, however, has testified he has only been asked to quantify Inkit's damages in the form of disgorgement of airSlate's "ill-gotten" profits. D.I. 158-1, at pp. 61-62. Accordingly, Inkit is no longer seeking economic damages sustained by Inkit, and is now seeking only equitable remedies in the form of injunctive relief and profit disgorgement.

## APPLICABLE LEGAL STANDARD

### I.  Motion to Strike Jury Demand

A party may move to strike a jury demand pursuant to Fed. R. Civ. P. 39(a)(2). *In re DaimlerChrysler AG Sec. Litig.*, No. CIV.A. 00-993-JJF, 2003 WL 22769051, at *1 (D. Del. Nov.

19, 2003)[1]. That rule provides, in relevant part, [w]hen a jury trial has been demanded under Rule 38,[2] the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless the court ... finds that ... there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The question of a the Seventh Amendment right to a jury trial is a federal question controlled by federal law. *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007)

**ARGUMENT**

**I.   INKIT DOES NOT HAVE A RIGHT TO A JURY TRIAL BECAUSE THE INJUNCTIVE RELIEF AND PROFIT DISGORGEMENT REQUESTED ARE EQUITABLE REMEDIES**

Plaintiff Inkit is not entitled to a jury trial, because Plaintiff Inkit is only seeking equitable remedies in the form of injunctive relief, and disgorgement of airSlate's profits. This has been confirmed by Inkit's economic damages expert during his deposition. Accordingly, the jury demand must be stricken.

The Seventh Amendment to the United States Constitution provides that "[i]n suits at common law ... the right of trial by jury shall be preserved...." *Kao Corp. v. Unilever U.S., Inc.,* No. CIV.A. 01-680-SLR, 2003 WL 1905635, at *1 (D. Del. Apr. 17, 2003)(quoting U.S. CONST. AMEND. VII). The United States Supreme Court has established the following test to determine whether a party is entitled to a jury trial under the Seventh Amendment: In determining whether a claim is equitable or legal, first, a court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1252 (3d Cir. 1994) (quoting *Granfinanciera,*

---

[1] *Aff'd sub nom. Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212 (3d Cir. 2007).
[2] Fed. R. Civ. P. 38(a) states: "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution — or as provided by a federal statute- is preserved to the parties inviolate."

4

*S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). Second, courts examine the remedy sought and determine whether it is legal or equitable in nature. *Billing,* 22F.3d at 1252 (quoting *Granfinanciera,* 492 U.S. at 42). The second stage of this analysis **is more important than the first**." *Id.* (emphasis added).

### A. The Majority of the Claims are Equitable in Nature

In the first step of the analysis regarding a right to a jury trial, the Court must compare the action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity."

Inkit's common law unfair competition claim, and Lanham Act claims, are equitable in nature. Common law unfair competition developed as an equitable remedy against the wrongful exploitation of trade names and common law trademarks. *I.C.D. Indus., Inc. v. Fed. Ins. Co*., 879 F. Supp. 480, 487, n.8 (E.D. Pa. 1995). Federal law recognizes the right to trial by jury in a claim for state law unfair competition where there is a request for a money judgment. *See, e.g., L.L. Bean, Inc. v. Drake Publishers, Inc*., 629 F. Supp. 644, 646 (D. Me. 1986). The Lanham Act claim is also considered equitable in nature. *Kars 4 Kids Inc. v. Am. Can!,* 98 F.4th 436, 443 (3d Cir. 2024) (The Lanham Act subjects all claims to "the principles of equity") (quoting *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc*., 401 F.3d 123, 135 (3d Cir. 2005)); *see also* 15 U.S.C. § 1117(a) (awards of damages, profits and costs on claims under Lanham Act are "subject to principles of equity").

The Deceptive trade practices act only provides for injunctive relief (*6 Del. C. § 2533(a)),* and thus it is not a legal claim to which a jury trial right attaches. *See, e.g., L.L. Bean,* 629 F. Supp at 647*(*denying a jury trial on a Maine Deceptive Trade Practices claim, reasoning, "by its own terms, [that statute] only provides for injunctive relief and does not support a legal claim").

5

*Accord Puretest Ice Cream, Inc. v. Kraft, Inc.,* 614 F. Supp. 994, 997 (D. Mass. 1985) (Massachusetts Deceptive Trade Practices act, determination of issues of "unfairness" and "deceptiveness" which did not amount to antitrust violations, must be accomplished by the court, not by the jury").

Inkit's claim of injury to business reputation and dilution under Delaware's trademark act are equitable in nature, because they both only provide injunctive relief, an equitable remedy. *6 Del. C. §3313.*

### B. There Is No Seventh Amendment Right to a Jury Because Inkit Seeks Only Equitable Remedies in the Form of an Injunction and an Accounting/Disgorgement of Airslate's Profits

Even if one or more of Inkit's claims are arguably legal in nature, the "more important" inquiry is the second step in the analysis, i.e. examining the remedy sought and determining whether it is legal or equitable in nature. *Granfinanciera,* 492 U.S. at 42. In the case at bar, Inkit is only pursuing equitable remedies, injunctive relief and disgorgement of airSlate's profits. Neither of those remedies can or ever will be determined by a jury.

This District has recognized that where a Lanham Act Plaintiff is only seeing equitable relief, that a right to a jury trial does not exist. *See AstraZenneca LP v. TAP Pharm Prods., Inc.,* 444 F. Supp. 2d 278, 293 (D. Del. 2006). In *AstraZenneca,* noting that it had stricken Plaintiff's damages expert report, the Court granted a Motion to Strike a Jury Trial because Plaintiff was then only seeking injunctive relief (an equitable remedy). The Court observed "[i]n Lanham Act cases, courts have generally determined whether or not to grant a jury trial based on the relief sought." *Id.* (citation omitted). In a copyright infringement case, this District has also held there is no right to a jury trial where only injunctive relief and statutory damages are sought. *Raydiola Music v. Revelation Rob, Inc.*, 729 F. Supp. 369 (D. Del. 1990).

Similarly, in *American Cyanamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784 (D.N.J. 1986), the Court held that a manufacturer was not entitled to a jury trial in a trademark infringement action where it made a claim for unjust profits derived from alleged infringement, but not for damages, as a claim for unjust profits was equitable in nature to which a right to a jury trial did not attach (citing U.S. CONST. AMEND. VII; 15 U.S.C. § 1117); *see also .Int'l Commc'n Material Inc. v. Employer's Ins. of Wausau,* No. CIV.A. 94-1789, 1996 WL 1044552, at *2, n.4 (W.D. Pa. May 29, 1996) (recognizing this rule); *Castrol, Inc. v. Pennzoil Quaker State Co.*, 169 F. Supp. 2d 332, 344 (D.N.J. 2001) (recognizing this rule).

The Eleventh Circuit has also recognized this rule. In *Hard Candy, Ltd. Liab. Co. v. Anastasia Beverly Hills, Inc*., the Court held that a plaintiff in a trademark infringement suit under the Lanham Act is not entitled to a jury trial when it seeks only disgorgement of the defendant's profits in lieu of actual damages. 921 F.3d 1343, 1348 (11th Cir. 2019). In the *Hard Candy* case, Plaintiff was not only making a claim under the Lanham Act, but it was also claiming common law trademark infringement; and common law unfair competition claims. In the case at bar, then, Inkit's equivalent common law claims should also be subject to a bench trial because of the exclusively equitable remedies sought. The Eight Circuit also recently recognized this same rule in the context of a Lanham Act trade dress case infringement case, finding the District Court had not erred in denying a jury trial where Plaintiff sought an accounting and disgorgement of the purported infringer's profits, both equitable remedies. *Nat'l Presto Indus. v. US Merchants Fin.*, 121 F.4th 671, 680 (8th Cir. 2024). Other Circuits are in accord. *See, e.g., Nat'l Presto Indus., Inc. v. U.S. Merchants Fin. Grp., Inc*., 121 F.4th 671, 680 (8th Cir. 2024) (holding district court's denial of Plaintiff's Seventh Amendment request for jury trial in its Lanham Act trade dress infringement claim was proper, where Plaintiff failed to prove that disgorgement of defendant's

profits that Plaintiff sought was a legal rather than an equitable remedy); *Ferrari S.P.A. Esercizio Fabriche Automobili E Corse v. Roberts,* 944 F.2d 1235, 1248 (6th Cir. 1991) (finding that a party was not entitled to a jury trial where it requested only equitable relief, "an injunction and disgorgement of profits.")

Other courts in this Circuit have held that when a Plaintiff seeks disgorgement of profits (as opposed to damages) in a Lanham Act claim, a Plaintiff does not a have a right to a jury trial, which should result in striking of Plaintiff's Jury Demand. *See, e.g., Castrol, Inc. v. Pennzoil Quaker State Co.*, 169 F.Supp.2d 332 (D.N.J. 2001) (Defendant found liable for false advertising in violation of the Lanham Act had no Seventh Amendment right to a jury trial on question whether remedy should include disgorgement of profits, as disgorgement is an equitable remedy).[3]

In the case at bar, apart from injunctive relief (which is equitable in nature), Plaintiff Inkit is only seeking an accounting and to recover disgorgement of airSlate's profits as damages, and is not seeking any of Inkit's damages. This has been confirmed by Inkit's economic damages expert during his deposition. "An accounting of profits has traditionally been classified as an 'equitable remedy,' which means that there is no right to trial by a jury." 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 30:59 (5th ed. 2019)  The other remedy sought is injunctive relief, an equitable remedy. *See* 9 Wright & Miller, Federal Prac. & Proced. §2008 (Actions for injunctions are equitable in nature and were unknown to the common law courts).[4]

---

[3] Other Circuits and federal courts also recognize that when a remedy of disgorgement of profits is sought under the Lanham Act, there is no right to a jury trial. *See, e.g., Nat'l Presto Indus., Inc. v. U.S. Merchants Fin. Grp., Inc.*, 121 F.4th 671, 680 (8th Cir. 2024); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343 (11th Cir. 2019).

[4] Claims for statutory attorney's fees are likewise not legal claims on which a jury trial is available. *See Bingham v. Zolt*, 666 F.3d 553, 563 (2d Cir. 1995).

Accordingly, Inkit's Jury Demand should be stricken because it does not have a right to a jury trial.

### C. There Is No Right to a Jury Trial in Breach of Contract Actions in Which Solely Equitable Remedies Are Sought

In anticipation of an argument by Inkit that the breach of settlement agreement is a legal action to which a jury trial right attaches, breach of contract actions are traditionally legal in nature because they seek monetary damages. When equitable remedies are sought, however, a party to a breach of contract action does not a right to a jury trial. *See, e.g., Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n,* 430 U.S. 442, 459, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), ("suits for damages for breach of contract, for example, were suits at common law with the issues of the making of the contract and its breach to be decided by a jury; but specific performance was a remedy unavailable in a court of law and where such relief was sought the case would be tried in a court of equity with the facts as to making and breach to be ascertained by the court"); *see also Golden v. Kelsey-Hayes Co.,* 73 F.3d 648 (6th Cir. 1996) (in case alleging breach of collective bargaining agreement, where plaintiff primarily sought injunctive and declaratory relief and specific performance, and only incidental damages were sought,, there was no right to a jury trial).

In *Alexander v. Primerica Holdings, Inc.*, 819 F. Supp. 1296, 1307 (D.N.J. 1993), the Court rejected an argument by Plaintiff therein that it had a right to a jury trial because its ERISA claim was a traditional breach of contract claim, because an ERISA Plan is nothing more than a contact. The *Alexander* Court even went so far as to say that even if the breach of contract claim could be maintained under ERISA, the nature of the relief Plaintiffs sought, reinstatement of the contract on its original terms, was "clearly equitable and defeat[ed] their claim for a jury trial." *Id.*, at 3017. "Courts have uniformly held that claims for the instatement or reinstatement of ERISA benefits constitute equitable relief, even when couched in terms of breach of contract damages." *Id.*, at

9

1307-08 (citation omitted). The *Alexander* Court rejected the request for a jury trial. Accordingly, the presence of a breach of contract claim in the case at bar, where equitable damages are sought, should not entitle Plaintiff to a jury trial, either.

> II. **IN THE ALTERNATIVE, AIRSLATE MOVES FOR A BENCH TRIAL/BIFURCATION OF AIRSLATE'S EQUITABLE COUNTERCLAIMS AND INKIT'S REQUEST FOR DISGORGEMENT OF PROFITS**

Defendant airSlate hereby withdraws its request for a jury trial on its counterclaims, and also moves, in the alternative, for a bifurcation of the trial. To that end, should the Court determine that Inkit has a right to a jury trial, the first phase of the trial would entail liability on its various claims. The second phase of the trial would be a bench trial on Inkit's equitable counterclaims. Should the jury find in favor of Inkit on one or more of its claims, the second phase of the trial would also be a bench trial to determine which of airSlate's profits, if any, is subject to equitable disgorgement.

> A. **Legal Standard:  Motion to Bifurcate**

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. Fed. R. Civ. P. 42(a); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F. Supp. 2d 492, 496 (D. Del. 2010). Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management. *Ciena Corp. v. Corvis Corp.,* 210 F.R.D. 519, 520 (D. Del. 2002)(citation omitted).

> B. **Bifurcation Would Serve Judicial Economy Because The Second Phase Of Trial Would Not Be Necessary If A Jury Finds No Liability**

If a single issue could be dispositive of the case or is likely to lead the parties to negotiate a settlement, and resolution of it might make it unnecessary to try the other issues in the litigation,

separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties. *Board of Regents v. Boston Scientific Corp.*, 2022 WL 17403478, *2 (D. Del. 2022) (bifurcation granted in interest of juror comprehension and judicial economy).

A recognized federal treatise also endorses this approach. *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2388 Separate Trials-Discretion of Court (3d ed.) (citing, *inter alia,* Maney v. State, 2022 WL 986580, *23 (D. Or. 2022) (court found bifurcation of trial into two phases was likely appropriate because finding of no liability would eliminate the need for a second phase and a finding of liability could lead to settlement); *American Family Mut. Ins. Co., Inc. v. Haslam*, 2011 WL 1042284, *2 (D. Colo. 2011) (bifurcation appropriate when, "depending on the jury's verdict, the cross-claims may evanesce").

In the case at bar, if a jury finds in favor of airSlate at the liability phase, there would no longer be a need for a determination of Inkit's damages, nor would there be a need to try airSlate's equitable counterclaims. Bifurcation, then, would serve to eliminate the need for a second phase, which would serve judicial economy and reduce costs to the parties.

      **C.**    **Bifurcation Would Also Enhance Juror Comprehension of the Complex Issues Involved By Solely Focusing on Liability**

As another justification for bifurcation, juror comprehension of complex issues regarding the five claims at issue, including complex issues regarding Lanham Act violations, would be enhance if the jury focuses on just liability.

Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider whether bifurcation will avoid prejudice, conserve judicial resources, and **enhance juror comprehension of the issues presented in the case**. *Enzo Life Scis., Inc. v. Digene Corp.*, No. CIV.A. 02-212-JJF, 2003 WL 21402512, at *4 (D. Del. June 10, 2003)(citing *Union Carbide Corp. v. Montell N.V.*, 28 F.Supp.2d 833, 837 (S.D.N.Y.1998)). "In deciding whether one trial or

11

separate trials will best serve [the above factors] ... the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *Id.* (quoting *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed.Cir.1986)).

Based upon the complex nature of Inkit's five claims against airSlate, including complex issues of liability relating to the Lanham Act claim, bifurcation would increase the likelihood that a jury would understand the complex issues before them, without having to also determine damages. *See Enzo*, 2003 WL 21402512, at *5 (Bifurcation is an important discretionary tool that district courts can use to ensure that the cases are resolved in a just manner by juries that understand the complex issues before them); *see also Smith v. Alyeska Pipeline Service Co.*, 538 F.Supp. 977, 984 (D.Del.1982) (in patent case, finding "that one trial of both issues [i.e., liability and damages] would tend to clutter the record and to confuse the jury.").

Furthermore, introducing a monetary component to the jury would potentially prejudice a jury, when it learns that airSlate's revenues were upwards of $125 million in 2023. Fed. R. Evid. 403. According to the evidence presented, airSlate is a much smaller company than Inkit, which could improperly sway a jury to want to award disgorgement to Inkit.

Accordingly, in the alternative, airSlate moves for bifurcation of the trial into liability and damages phases, and on arSlate's equitable counterclaims.

## RULE 7.1.1 STATEMENT OF COUNSEL

Pursuant to District of Delaware Local Rule 7.1.1, the undersigned hereby certifies that counsel for Defendant made a reasonable effort to contact counsel for Plaintiff in the above-captioned action regarding the foregoing Motion. Counsel for the parties have conferred and have to date been unable to reach agreement regarding this motion

## CONCLUSION

For the foregoing reasons, airSlate respectfully requests the Court enter an order striking Inkit's jury demand, or in the alternative, that the Court enter an order bifurcating the trial.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br>Gregor Hensrude (admitted *pro hac vice*)<br>Petra N. Ambrose (admitted *pro hac vice*)<br>**KLINEDINST PC**<br>1200 Fifth Avenue, Suite 1750<br>Seattle, WA 98101<br>Tel: (206) 672-4400<br>ghensrude@klinedinstlaw.com<br>pambrose@klinedinstlaw.com | /s/ M. Claire McCudden<br>M. Claire McCudden (DE Bar No. 5036)<br>**MARSHALL DENNEHEY, PC**<br>1007 N. Orange Street, Suite 600<br>Wilmington, DE 19899 – 8888<br>Tel: 302.552.4354 F: 302.552.4340<br>MCMcCudden@MDWCG.com |
| | *Attorneys for Defendant AirSlate, Inc.* |

Dated: February 19, 2025