IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INKIT, INC., | ) |
| | ) |
| Plaintiff, | )   C.A. NO.:  1:23-cv-00793-RGA |
| | ) |
| v. | ) |
| | ) |
| AIRSLATE, INC., | ) |
| | ) |
| Defendant. | ) |

**INKIT, INC.'S OPPOSITION TO AIRSLATE, INC.'S
MOTION TO STRIKE INKIT, INC.'S JURY DEMAND**

Inkit, Inc. ("Inkit") submits this opposition to airSlate, Inc.'s ("airSlate") motion to strike Inkit's jury demand (the "Motion to Strike").  D.I. 169.

**SUMMARY OF ARGUMENT**

airSlate's Motion to Strike should have been resolved by a phone call.  On February 19, 2025, counsel for airSlate called counsel for Inkit to confer about a forthcoming Motion to Strike. According to counsel for airSlate, airSlate sought to strike Inkit's jury demand because, according to airSlate, Inkit sought only equitable relief in this action.  Counsel for Inkit explained that Inkit was seeking damages on its cause of action for breach of contract and thus entitled to a jury trial, that Inkit agreed certain matters in dispute would be reserved for the judge, and that all of these issues would more appropriately be raised and discussed during the preparation of the pre-trial order and at the pre-trial conference.  airSlate ignored Inkit and moved to strike an hour-and-a-half later, with no further discussion or narrowing of what was in dispute.[1]

---

[1] airSlate's D. Del. LR 7.1.1 certification accompanying its motion glossed over that Inkit did not oppose trying certain matters to the bench.

It is well established that a plaintiff seeking damages for a cause of action for breach of contract is entitled to a jury trial, a fact that counsel for Inkit reminded counsel for airSlate during their conference. airSlate nevertheless chose to file its Motion to Strike on the disabused notion that Inkit sought only equitable relief. This Court should deny airSlate's request to strike Inkit's jury demand based on the foregoing.

Inkit recognizes that certain matters are reserved for the judge. But Inkit has a right to a jury to seek damages above the Seventh Amendment threshold and to have all legal causes of action and facts common to both legal and equitable causes of action heard by a jury. Nevertheless—for its part—Inkit will endeavor to continue to work with airSlate regarding which of Inkit's claims will be brought before the jury, and which will be tried before a judge.

## STATEMENT OF FACTS

In this action, Inkit has asserted causes of action for breach of contract; unfair competition; false designation of origin and false or misleading advertising in violation of § 43(a) of the United States Trademark Act of 1946, 15 U.S.C. § 1125(a); violation of the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2532; violation of the Delaware Trademark Act, 6 *Del. C.* § 3313; and related claims for unfair competition under common law. D.I. 2 at 13–16.

For its cause of action of breach of contract, Inkit seeks damages from airSlate. *Id.* ¶ 61.

## APPLICABLE LEGAL STANDARD

"When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless the court ... finds that ... there is no federal right to a jury trial." FED. R. CIV. P. 39(a)(2). "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be

preserved, and no fact tried by a jury, shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII.

## ARGUMENT

**I.  Inkit Has a Right to a Jury Trial on Its Demand for Damages for Its Cause of Action for Breach of Contract.**

The law is clear that Inkit has a right to a trial by jury on its demand for damages arising from airSlate's breach of the parties' settlement agreement. *See Billing v. Ravin, Greenberg & Zackin, P.A.*, 22 F.3d 1242, 1245 (3d Cir. 1994) ("An action for money damages based on a breach of contract is traditionally a legal claim."); *Norman v. Elkin*, 860 F.3d 111, 128–29 (3d Cir. 2017); *Evolved Wireless, LLC v. Apple, Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 831112, at *6 (D. Del. Feb. 21, 2019). "Even if compensatory damages cannot be or have not been demonstrated, the breach of a contractual obligation often warrants an award of nominal damages." *Enzo Life Scis., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 607 (D. Del. 2015); *see also* Del. P.J.I. Civ. § 22.24 (2000) ("If you find that [plaintiff] is entitled to a verdict in accordance with these instructions, but do not find that [plaintiff] has sustained actual damages, you may return a verdict for [plaintiff] in some nominal sum such as one dollar."); *cf. Apple Inc. v. Masimo Corp.*, C.A. No. 22-1377-JLH, at D.I. 649 (D. Del. May 16, 2024) (scheduling jury trial on request for $250 in damages for patent infringement).

In this action, Inkit will seek, among other relief, nominal damages of $1 for each pageview of the advertisements at issue on its cause of action for breach of contract. That figure amounts to $303, thereby foreclosing airSlate's request to strike Inkit's jury demand. airSlate spilled considerable ink discussing the nature of the equitable relief Inkit seeks. *See* Motion to Strike at 4–10. Nowhere, though, does airSlate discuss Inkit's demand for damages. Indeed, the Motion to Strike explicitly states that Inkit's cause of action for breach of contract "solely" seeks equitable

remedies. *Id.* at 9–10. That is simply wrong. What is more, airSlate is aware that it is wrong. On February 19, 2025, counsel for Inkit made clear to counsel for airSlate that Inkit intended to seek damages for its cause of action for breach of contract, further explaining that that demand for nominal damages entitled Inkit to a jury trial and obviated the need for airSlate to file its Motion to Strike.[2]

Yet airSlate rejected Inkit's offer to discuss the matter further and filed its motion anyway. Whatever airSlate's motive may be, the law is clear that Inkit is entitled to a jury trial on its cause of action for breach of contract that seeks nominal damages in an amount that exceeds the constitutional threshold.

## II. Inkit Has No General Objection to the Court's Resolution of Certain Matters.

Because counsel for airSlate did not broach the issue with counsel for Inkit, Inkit has not had the opportunity to express its opinion on which matters should and which matters should not be tried to the jury. In fact, Inkit is generally not opposed to trying at least some, and perhaps all, issues to the bench. But "[w]hen litigation involves both legal and equitable claims, … the right to a jury trial on the legal claim, including all issues common to both claims, must be preserved by trying the legal claim to a jury first, or at least simultaneously with the equitable claim, and by accepting the jury's findings on common facts for all purposes." *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 228 (3d Cir. 2009) (citing *Lytle v. Household Mfg. Inc.*, 494 U.S. 545 (1990); *Tull v. United States*, 481 U.S. 412 (1987)). As discussed above, Inkit is entitled to a jury trial on its cause of action for breach of contract as it is seeking nominal damages. *See* Section I. Thus, the jury trial should cover liability on all of Inkit's causes of action and Inkit's entitlement

---

[2] Further, none of the decisions relied upon by airSlate addresses nominal damages for causes of action for breach of contract under Delaware law.

to nominal damages for its cause of action for breach of contract. Based on the terms of the parties' settlement agreement, this would necessarily include whether airSlate violated Inkit's rights in the INKIT mark. *See* D.I. 3 at §2(a). But Inkit has never disputed that questions such as disgorgement and reformation are appropriately reserved for the bench.

Inkit will continue to try to discuss with airSlate whether some or all of the case should be tried to the bench, what may remain for resolution following a jury trial, as well as how those matters should be presented to the Court (e.g., by briefing, by an evidentiary hearing, or even whether an additional trial is called for—all of which are typical practices in this District for resolving equitable issues that are not appropriate for a jury trial, and for none of which do parties commonly burden the Court with a motion to strike a jury demand). As Inkit told airSlate, the appropriate place to raise these issues is in connection with the pre-trial order.

## CONCLUSION

For the foregoing reasons, this Court should deny airSlate's request to strike Inkit's jury demand. Any separation of issues tried to a jury and issues tried to the bench can occur in accord with Inkit's right to a jury trial and the jury's ability to decide all legal causes of action and facts common to both legal and equitable causes of action. Yet Inkit will see if an accord on these matters can be reached and present it to the Court in the pre-trial order.

|  |  |
|---|---|
| OF COUNSEL:<br><br>William Bloom (admitted *pro hac vice*)<br>Brandon Browning (admitted *pro hac vice*)<br>**MAYNARD NEXSEN, P.C.**<br>1901 Sixth Avenue North, Ste. 1700<br>Birmingham, Alabama 35203<br>Telephone: (205) 254-1000<br>wbloom@maynardnexsen.com<br>bbrowning@maynardnexsen.com | */s/ Jason J. Rawnsley*<br>Travis S. Hunter (#5350)<br>Jason J. Rawnsley (#5379)<br>Gabriela Z. Monasterio (#7240)<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>hunter@rlf.com<br>rawnsley@rlf.com<br>monasterio@rlf.com<br><br>*Attorneys for Plaintiff and Counterclaim Defendant Inkit, Inc* |

Dated: March 5, 2025