IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INKIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRSLATE, INC., <br><br> Defendant. | Civil Action No. 23-793-RGA |

MEMORANDUM ORDER

Before me is Defendant airSlate's motion for summary judgment on Plaintiff Inkit's complaint. (D.I. 120). I have reviewed the parties' briefing. (D.I. 121, 135, 143). For the reasons set forth below, airSlate's motion for summary judgment is DENIED.

After dismissal of its Lanham Act claim, the remaining counts of Inkit's complaint allege a common law unfair competition claim, a Delaware Deceptive Trade Practices ("DTPA") claim, a breach of contract claim, and a state law injury to business reputation/dilution claim. (D.I. 2 at 14–16).

The DTPA codifies Delaware's common law of unfair competition. *Young v. Joyce*, 351 A.2d 857, 859 (Del. 1975); 6 Del. C. § 2532. The codification of the DTPA did "not affect unfair trade practices otherwise actionable at common law or under other statutes of this State." 6 Del. C. § 2532(c).

Under the DTPA, a plaintiff may state a claim under several theories, including by proving that defendant's activity "[c]auses likelihood of confusion or of misunderstanding as to

the source, sponsorship, approval, or certification of goods or services" or "[c]auses likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another[.]"  6 Del. C. § 2532(a)(2)–(3).

Analogous violations of the DTPA are evaluated under the same standards as federal Lanham Act claims.  *Diamond State Door, LLC v. Diamond State Pole Bldgs., LLC*, 2023 WL 3625000, at *2 (D. Del. May 24, 2023).  The elements of federal trademark infringement are: (1) Plaintiff owns the mark; (2) Plaintiff's mark is valid and legally protectable; and (3) Defendant's use of the mark is likely to create confusion.  *Checkpoint Sys., Inc. v. Check Point Software Techs., Inc.*, 269 F.3d 270, 279 (3d Cir. 2001).

Likelihood of confusion requires balancing several factors, including the commercial strength and inherent distinctiveness of plaintiff's mark.  *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983); *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 189, 184–85 (3d Cir. 2010).  No single factor is dispositive.  *Lontex Corp. v. Nike Inc.*, 107 F.4th 139, 152 (3d Cir. 2024).

A plaintiff must also prove the distinctiveness of its mark for dilution claims under Delaware's anti-dilution statute.  6 Del. C. § 3313.  "Proof of distinctiveness necessary to satisfy the [state] anti-dilution statutes typically is the same proof used to show inherent or acquired distinctiveness for infringement purposes under the Lanham Act."  *Barnes Grp., Inc. v. Connell Ltd. P'ship,* 793 F. Supp. 1277, 1304 (D. Del. 1992).

There remain disputes of material fact as to at least (1) likelihood of confusion; (2) distinctiveness of Inkit's mark; and (3) likelihood of dilution.  These issues are material to the remaining counts of Inkit's complaint.  airSlate's motion for summary judgment on Inkit's

complaint (D.I. 120) is DENIED.

       IT IS SO ORDERED.

Entered this 27th day of March, 2025

                                                    __/s/ Richard G. Andrews__
                                                    United States District Judge