IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INKIT, INC., <br><br> Plaintiff, <br><br> v. <br><br> AIRSLATE, INC., <br><br> Defendant. | Civil Action No. 23-793-RGA |

## MEMORANDUM ORDER

Before me is Plaintiff Inkit's motion for reconsideration. (D.I. 198). I have considered the parties' briefing. (D.I. 198, D.I. 200). For the reasons set forth below, Inkit's motion is DENIED.

Inkit argues that the exclusion of Dr. Anderson's opinion and testimony concerning Question 5 of his survey was "based on a misapprehension of fact" because only two of the multiple-choice options were "counted as favoring Inkit." (D.I. 198 at 2–3).

As I understand it, the problem with Question 5 stems from how it appears to a survey participant and the psychological effects caused by the presence of more answers suggesting a connection between DocuSign and Inkit. The issue is not how the participants' responses were ultimately tallied. As airSlate points out, even if Mr. Keegan was mistaken about how Question 5 was evaluated, "he still believed the answer option to Question 5, that Inkit and DocuSign 'have some other business relationship,' still has an influence on the reliability of the question." (D.I. 200 at 3 (citing D.I. 198-3 at 5–6 of 8)). The unbalanced nature of the answer choices was also not the only basis for my decision to exclude Question 5 and Dr. Anderson's opinions relying on Question 5.

  Survey evidence is only part of one factor of the likelihood of confusion inquiry. Though the remaining claims are all state claims, federal and state trademark claims are evaluated under similar standards, and the Third Circuit regards "similarity" of mark and "strength" of mark to be the most important factors. *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 216 (3d Cir. 2000); *Sabinsa Corp. v. Creative Compounds, LLC*, 609 F.3d 175, 189 (3d Cir. 2010). "Evidence of actual confusion," as might be demonstrated by a consumer survey, "is frequently difficult to find" and therefore "not necessary to demonstrate a likelihood of success." *Sabinsa*, 609 F.3d at 187. Exclusion of one part of Dr. Anderson's opinion is not, as Inkit argues, an "exclusion of critical evidence" or "manifestly unjust." (D.I. 198 at 6).

  Accordingly, Inkit's motion for reconsideration is DENIED.

  IT IS SO ORDERED.

Entered this 28th day of March, 2025

/s/ Richard G. Andrews
United States District Judge