IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INKIT, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>AIRSLATE, INC.,<br><br>                Defendant. | Civil Action No. 23-793-RGA |

MEMORANDUM ORDER

Contemporaneously with this Memorandum Order, I am entering final judgment based on my trial opinion.

I did not enter a number for either party's requested amount of "attorneys' fees, costs, and expenses." Plaintiff provided a number ($1,481,762.55) but nothing in support, either by way of documentation or briefing.[1] Defendant, for its part, did not even suggest what its requested amount of "attorneys' fees, costs, and expenses" would be until yesterday. (D.I. 236) ($633,014.39). Instead, it submitted the equivalent of a letter brief, arguing in essence that I declare the litigation a draw and award neither side anything other than nominal damages. (D.I. 234).

I note that Defendant in its letter brief relies upon an August 29, 2023, offer of judgment pursuant to Federal Rule of Civil Procedure 68. (D.I. 234-1). The offer was not accepted. "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed. R. Civ. P. 68(b). I was wondering why Defendant provided the offer of judgment in light of

---

[1] Plaintiff offered to provide its invoices "unredacted and in camera" if that would help. (D.I. 235-1).

the above-quoted rule, but it appears that, in the context of a fee-shifting statute, attorneys' fees are costs. *See Marek v. Chesny*, 473 U.S. 1, 7-11 (1985). I have not looked for a case to nail down whether attorneys' fees are also "costs" when the basis of the fee-shifting is a contract, but it seems likely they would be.

The issues relating to Rule 68 are more complex than I would have expected. *See* Wright, Federal Practice and Procedure, Civil 3d §§ 3001-3007 (110 pages discussing the Rule) (2014). Thus, I need briefing in relation to Rule 68's impact, if any.

Defendant cites a case stating that I will need to determine whether the claimed attorneys' fees are reasonable. (D.I. 234 at 5). "Delaware law dictates that, in fee shifting cases, a judge determine whether the fees requested are reasonable." *Mahani v. Edix Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007)). Neither side has given me any basis to determine whether the fee requests are reasonable.

It is clear beyond any doubt that the parties can make good faith arguments that the claimed amounts are not reasonable. We had a trial in which Plaintiff sought no damages and Defendant's damages were "speculative." (D.I. 231 at 43). Plaintiff's request for an injunction was less than compelling since Defendant had remedied the problem almost immediately after Plaintiff filed suit. Plaintiff's equitable disgorgement theory (seeking $6.6 million (D.I. 229 at 7)) was very weak. In any event, I do not know how I can assess reasonableness without invoices and adversarial input. The invoices need to be, at most, minimally redacted[2] and produced to the opposing party. The only way to get helpful adversarial input is for the adversary to have access to the same invoices that are provided to me.

---

[2] I say "minimally-redacted" because it is possible that invoices would have entries that include attorney-client privileged material. The great bulk of the entries, I am sure, do not reveal the substance of any attorney-client communications.

Thus, unless the parties stipulate differently, each side has 14 days to file a motion for atttorneys' fees, including (1) documentary evidence of the terms of any agreement about fees for the services for which the claim is made; (2) billing records, including invoices, for the amounts claimed; and (3) a declaration of the amounts that have been paid by the clients. Any motion shall be accompanied by a brief addressing the relevant issues.

IT IS SO ORDERED this 15th day of October 2025.

_____
United States District Judge